UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X

HERBERT APONTE,

                Petitioner,

    -against-

MICHAEL HORN, ASST. DISTRICT
ATTORNEY OF QUEENS COUNTY,[1]

                Respondent.
----------------------------------X
HERBERT APONTE,

                Petitioner,
    -against-

MICHAEL HORN, ASST. DISTRICT
ATTORNEY OF QUEENS COUNTY,

                Respondent.
----------------------------------X
HERBERT APONTE,

                Petitioner,
    -against-

MICHAEL HORN, ASST. DISTRICT
ATTORNEY OF QUEENS COUNTY,

                Respondent.
----------------------------------X

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**

15-CV-2201 (KAM)

16-CV-535 (KAM)

16-CV-1075(KAM)

**MATSUMOTO, United States District Judge:**

        Petitioner, proceeding *pro se*, filed the three above-referenced petitions under 28 U.S.C. § 2254 challenging the same

---

[1] This action was transferred to this court from the United States District Court for the Southern District of New York by order dated April 15, 2015.

judgement of conviction dated March 8, 2006 in Queens County. The court grants petitioner's request to proceed *in forma pauperis* solely for the purpose of this order. For the reasons set forth below, the court dismisses all of the petitions and warns petitioner against filing future repetitious petitions.

## **DISCUSSION**

On March 8, 2006, petitioner was convicted in Queens County Criminal Court of Attempted Stalking in the Third Degree, N.Y. Penal Law §§ 110.00 & 120.50(3), and Harassment in the First Degree, N.Y. Penal Law § 240.25 (the "3/8/06 conviction").

Petitioner has previously brought before this court three *pro se* applications for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("§ 2254"), challenging this same 3/8/06 conviction. On February 28, 2011, the court dismissed the habeas petition that petitioner filed in 2009 for lack of subject matter jurisdiction, finding that because petitioner's sentence – a one-year term of probation – terminated on June 22, 2007, he was not "in custody" pursuant to the conviction under attack as required for the court to retain jurisdiction under § 2254(a). *See Aponte v. Brown*, No. 09-CV-4334, 2011 WL 797406, at *2 (E.D.N.Y Feb. 28, 2011) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Petitioner sought a certificate of appealabilty from the United States Court of Appeals for the Second Circuit ("Second Circuit")

2

in order to appeal that determination. The Second Circuit denied his motion on August 18, 2011. *See Aponte v. Brown*, No. 09-CV-4334, ECF Nos. 14, 17.

On September 5, 2013, petitioner filed his second *pro se* application for a writ of habeas corpus, pursuant to § 2254, challenging this same 3/8/06 conviction on the same grounds. By order dated October 21, 2013, the court again dismissed the petition. *See Aponte v. Modica (Judge) of Queens County Criminal Courthouse, N.Y.*, No. 13-CV-5149, ECF Nos. 7-8. On December 4, 2013, petitioner filed a letter titled "Petition For Writ Of Habeas Corpus; Reopen Case; and Vacatur of Dismissal and Motion for Leave to Procure Counsel." The court construed the submission as a motion to reopen the case pursuant to Fed. R. Civ. P. 60(b) and denied the motion on December 11, 2013. *See id.*, ECF No. 11.

On February 20, 2014, petitioner filed his third *pro se* application for a writ of habeas corpus, challenging this same 3/8/06 conviction, again on the same grounds. By order dated September 26, 2014, the court dismissed the petition. *See Aponte v. The People of the State of New York et al.*, No. 14-CV-2550, ECF Nos. 8, 9.

The federal habeas statute grants the court jurisdiction to review petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties

of the United States." § 2254(a). Although the "in custody" language does not require physical confinement, a petitioner is not "in custody" if the sentence for the underlying conviction has fully expired. *Maleng*, 490 U.S. at 491.

Each of the § 2254 habeas petitions in the instant case attack the same 3/8/06 conviction that petitioner challenged in the three aforementioned actions. Because petitioner's probation for that offense terminated as of June 22, 2007, petitioner has not made the threshold showing that he was "'in custody' under the conviction or sentence under attack at the time [the] petition[s] [were] filed." *Id*. at 490-91. Accordingly, this court is without jurisdiction to hear Mr. Aponte's petitions and they are dismissed.

## Warning Against Future Frivolous Filings

Petitioner has essentially filed the same petition in this court six times. Every one of these petitions has been dismissed for lack of jurisdiction because he is not in custody under the conviction or sentence under attack at the time the petitions were filed.

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. The Second Circuit has held that a district court not only has the authority, but also an obligation, to deny the benefit of

4

proceeding *in forma pauperis* to a litigant who has demonstrated a history of filing frivolous and vexatious claims. *See In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); *see also In re Sindram*, 498 U.S. 177, 179–80 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those individuals who have abused the system.")

The Second Circuit has upheld the district court's authority to issue a filing injunction when a petitioner "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted). However, it is the "unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (internal quotation marks and citation omitted).

The court has considered petitioner's litigation history and his persistence in filing the same petitions making the same allegations concerning the same conviction and suffering from the same jurisdictional deficit. Petitioner has taxed the resources of the federal courts as "[e]very paper [he has] filed with the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989). This order shall serve as a warning that the court hopes will deter petitioner from further repetitious, facially unmeritorious submissions. Should petitioner persist in filing redundant § 2254 petitions challenging the same 3/8/06 conviction in this court, the court may direct petitioner to show cause why an order barring the acceptance of any future *in forma pauperis* submissions for filing in this court without first obtaining leave of the Court should not be entered.

## CONCLUSION

For the reasons set forth above and those set forth in the court's February 28, 2011 memorandum and order in No. 09-cv-4334, petitioner's instant habeas petitions are dismissed. Furthermore, the court notifies petitioner that if he files any further repetitious filings challenging the same 3/8/06 conviction, the court may direct petitioner to show cause why an order barring him from filing any future in forma pauperis

6

petitions without first obtaining leave of court should not be entered. Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *see also Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112-13 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to enter judgment in and close these three cases. The Clerk of Court is further directed to send a copy of this memorandum and order to petitioner.

**SO ORDERED.**

Dated:    March 4, 2016
             Brooklyn, New York

                                                _____/s/_____
                                                **KIYO A. MATSUMOTO**
                                                United States District Judge
                                                Eastern District of New York